IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel Brown, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Mr. Jones, Police Detective; Charleston County Solicitor's Office and/or Solicitor; Charleston County; Key West Police Department; Ms. Scarlett Wilson,<br><br>Defendants. | ) | C/A No. 0:14-2227-RBH-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Samuel Brown, Jr. ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is an inmate at McDougal Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

## I. Factual and Procedural History

The Complaint alleges that Plaintiff was "knowingly confined" on false charges by Defendant Jones and "sat in jail for 3 (three) months at the Charleston County Detention Center." (ECF No. 1 at 3.) Plaintiff further alleges that Defendant Jones perjured himself on the witness stand by providing false testimony at Plaintiff's trial. (Id. at 4.) Plaintiff claims that the Charleston County Solicitor knew Plaintiff's charges were false. (Id. at 7.) Plaintiff seeks monetary damages. (Id. at 5.)



PJG

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).





**1. Charleston County**

In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. However, the instant Complaint contains no factual allegations that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of Charleston County.

At most, the Complaint merely attributes, in purely conclusory fashion, the alleged wrongful actions of an individual employee to this defendant. However, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship," Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94), and a municipality may not be held liable under § 1983 solely because it employs the tortfeasor. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. at 397. As Plaintiff has alleged no actionable conduct by Charleston County, this defendant is entitled to summary dismissal from this case.



PJG

**2. Ms. Scarlett Wilson**

Plaintiff alleges that Defendant Wilson knowingly prosecuted Plaintiff on false charges. (ECF No. 1 at 7.) However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with the prosecution of his state criminal charge by Defendant Wilson are barred from suit under § 1983.

**3. Not a "person" under § 1983 (Key West Police Department and Charleston County Solicitor's Office)**

Plaintiff also lists the Key West Police Department and Charleston County Solicitor's Office as defendants in this action. (ECF No. 1 at 1.) However, it is well settled that only "persons" may act under color of state law, Monell, 436 U.S. at 690 n.55, and the Key West Police Department and Charleston County Solicitor's Office are not considered "persons" amenable to suit under § 1983. See Howell v. Taylor, C/A No. 3:13-2111-JFA-PJG, 2013 WL 6240518, at *5 (D.S.C. Dec. 3, 2013) (order adopting report and recommendation for summary dismissal of police department); Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("police departments operated by municipalities are not 'persons' amenable to suit under § 1983"); see also Davis v. Hampton Cnty. Solicitor Office, C/A No. 9:13-1930-DCN, 2013 WL 5140732, at *3 (D.S.C. Sept. 12, 2013) (holding that a solicitor's office "does not qualify as a 'person' "). Further, the Key West Police Department is not an independent entity subject to suit under § 1983. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) (finding the Denver Police Department not a separate suitable entity); McNeil v. Rock Hill Police Dep't, C/A No. 0:12-1933-CMC-SVH, 2012 WL



PJG

6863917, at *2 (D.S.C. Dec. 27, 2012), adopted by 2013 WL 168050 (D.S.C. Jan. 16, 2013). Because the Key West Police Department and Charleston County Solicitor's Office are not proper defendants under § 1983, they should be summarily dismissed from this action.[1]

**4. Mr. Jones**

Plaintiff alleges false arrest and false imprisonment/malicious prosecution by Defendant Jones. (ECF No. 1 at 3-5.) While Plaintiff asserts that his "date of injury" was between 2009 and 2011, Plaintiff indicates that he was arrested on September 20, 2008, and September 24, 2009. (Id. at 3-4, 6.) Plaintiff further alleges that he was falsely imprisoned for three months following his arrest in September of 2009. (Id. at 6.) Thus, it appears that Plaintiff's false arrest and false imprisonment claims are barred by the three-year statute of limitations, see S.C. Code Ann. § 15-3-530(5), which began to run when Plaintiff was detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 389 (2007); see also Adkins v. Hendrick, C/A No. 4:12-1295-CMC-KDW, 2012 WL 2178701, at *5 n.5 (D.S.C. May 29, 2012), adopted by 2012 WL 2178698 (June 13, 2012). While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the court is authorized to anticipate affirmative defenses apparent from the face of the complaint in a case filed pursuant to 28 U.S.C. § 1915.[2] See Eriline Co. S.A. v. Johnson,

---

[1] The court further notes that the Charleston County Solicitor's Office, if it could be considered a person amenable to suit, would be protected by prosecutorial immunity. Further, Plaintiff provides no factual allegations against the Key West Police Department to subject this defendant to municipal liability. Thus, even if the Key West Police Department were considered a proper defendant in this case, it would still be entitled to summary dismissal.

[2] The "Notice" attached to this Report and Recommendation provides Plaintiff an opportunity to present his position prior to the court's *sua sponte* dismissal of such claims. See Day v. McDonough, 547 U.S. 198, 199 (2006) (holding that "in appropriate circumstances, a district court may raise a time bar on its own initiative . . . ." but "must accord the parties fair notice and an opportunity to present their positions" before acting *sua sponte*).





440 F.3d 648, 656 (4th Cir. 2006) ("[I]n evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense.").

Plaintiff also references a trial where Defendant Jones allegedly offered perjured testimony.[3] (ECF No. 1 at 4.) To the extent Plaintiff may have been convicted of the charges associated with his false arrest/false imprisonment claims, the United States Supreme Court has held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Moreover, to the extent the Constitution may recognize a right to be free from malicious prosecution, see Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009), a plaintiff must demonstrate seizure "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1996); see also Nicholas v. Wal-Mart Stores, Inc., No. 01-1441, 2002 WL 506424, at *2 (4th Cir. Apr. 4, 2002) (relying on the Restatement's formulation of the rule imposing "upon malicious prosecution plaintiffs the affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with the innocence of the accused"); Williams v. Prince George's Cnty., 157 F. Supp. 2d 596, 606 (D. Md. 2001) (noting that under the

[3] To the extent Plaintiff alleges that he was denied a fair trial by Defendant Jones in violation of the Fourteenth Amendment (ECF No. 1 at 4), a writ of habeas corpus is his sole remedy for challenging the conviction. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).





Restatement a "termination of a proceeding in favor of an accused other than by acquittal is insufficient to meet the requirements of a malicious prosecution claim").

In this case, a favorable determination on the merits of Plaintiff's claims would require a finding that his conviction is invalid, and Plaintiff provides no facts to allege that he has successfully challenged this conviction. Because Plaintiff's claims associated with his arrest and three-month imprisonment appear to be barred by the applicable statute of limitations, and because Plaintiff does not demonstrate that the criminal proceedings stemming from the Defendant Jones's actions terminated in his favor, Plaintiff's false arrest and false imprisonment/malicious prosecution claims are subject to summary dismissal.

Plaintiff also alleges that Defendant Jones's actions constitute "cruel and unusual punishment or deliberate indifference" in violation of the Eighth Amendment.[4] (ECF No. 1 at 5.) As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)). Thus, under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir.1978) (overruled on other grounds by Bell v. Wolfish, 441 U.S. 520 (1979)); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements– that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.' " Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v.

[4] To the extent that Plaintiff was a pretrial detainee at the time of his alleged cruel and unusual treatment, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. See Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).





Waters, 989 F.2d 1375, 1379 (4th Cir.1993)). Further deliberate indifference is a very high standard, which requires more than a showing of mere negligence, see Estelle, 429 U.S. 97 at 105-06, and "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). In the present case, Plaintiff provides no factual allegations to demonstrate that Defendant Jones was deliberately indifferent to any of Plaintiff's basic needs or that this defendant's actions rose to the level of an Eighth Amendment violation. Therefore, such claims are subject to summary dismissal.

**5. State law claims**

Plaintiff's federal claims are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress (ECF No. 1 at 3,7), or any other state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## III. Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 31, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).